Judge Simpson
delivered the opinion of the Court
This action of ejectment was brought by the heirs at law of Mary S. Dobyns, to recover a tract of land that had been conveyed to. the defendants, or those under' whom they claim, by deeds purporting to have been executed by her and her husband during their lives,, but which had not been so authenticated as to pass her title, she being the owner of the land.
The mother of the lessors of the plaintiff died in 1821, and her husband died in 1837. He had an estate during his life, as tenant by the curtesy, and that interest having passed to his vendees, they had a right to retain the land in contest in their possession until his death occurred.
This suit was not commenced until the year 1848. At the time of their mother’s death, Elizabeth, one of the children, was an infant, and married before she attained the age of twenty-one. She was still a married woman when her father died in 1837, and also at the time this suit was commenced. The other heirs, except Rebecca, were not laboring under any disability when their father died, and Rebecca, who was then an infant, had arrived at full age more than three years before the present suit was brought. The only question is whether, under these circumstances, the disability of' coverture, under which one of the heirs at law labored at the time her father died, will save her right in the ¡and, from the operation of the limitation, of three *312 years under the statute of 1840: (3 Statute Law, 413.)
!i3y hie statute of 1840: (3 Stat. Law, 413) the limitation com'irlenees to run Irom ''the time ihe'right accrues and not before.
It is contended that the statute in allowing time-, after the removal of the disability, to the heirs who are laboring under coverture, lunacy, or infancy, applies to such disabilities as the heirs are laboring under at the 'death of the feme; and as Elizabeth was an infant at ■her mother’s death, and that disability had been remov'ed more than -three years before the action was brought, that she cannot rely upon a subsequent disability to bring her within the saving of the statute.
But such a construction of the statute would render its provisions in favor of those laboring un'der disabilities, in a great degree, inoperative, where the feme dies before she becomes discovert. The language of the proviso is not as clear as it might be, yet, according to any rational interpretation of it, the disabilities alluded to must be such'as exist at her death, when -that occurs ■after she becomes discovert'and before the time has run out for her to sue, and such as exist when the right-of her hdirs to sue accrues-, when she dies before she becomes discovert. The Legislature certainly did-not irr-tend such disabilities as the heirs might labor ‘under at ■their mother’s death when, at that time, they had no right to sue for the land, but such right was postponed until the death of their father, he being during his life tenant by the curtesy. And as it was the evident intention of the Legislature to make provision for those heirs laboring under the disabilities mentioned, in 'both "t)f the cases specified, such an exposition should be given to the statute as wohld best tend to promote that object-.
According to this-construction oí the statute, as Elizabeth ‘labored under the disability of coverture when her right to sue accrued, and that disability was not removed when this suit -was commenced, she would, if she were the sole h-eir of her mother, be within the operation of the proviso, and not affected by the limitation. But we do not deem it necessary to decide what the true construction of the statute is, so far as it bears *313 upon this question, because, for another reason, her-disability does not save her right from the effect of the limitation.
To save the right of heirs of A feme covert, to recover lands ■which she during coverture had attempted, though ineffectually, to convey, all the heirs, and not part only of them, must labor under disaDility at -the time the right to sue accrues, or the suit must be brought in three years: (Phillips vs Pope’s heirs, ante. 174.)
Robertson, Hard and J. W. L. Harlan for -plaintiff; McClung Sf Taylor for defendants.
The proviso in describing the persons whose disabilities may postpone the commencement of the limitation-, does it in language which imports that all the persons entitled as heirs, must be under disability to prevent the application of the bar created by the statute» It is only where the heirs, collectively, are under disabilities that they are embraced by the language of the proviso. In this respect it is analagous to the saving contained in the general statute of limitations of 1796, and should receive the same construction: Phillips vs Pope's heirs, (ante 174.)
As all the heirs did not labor under disability in this case, it follows that the statute operated as a bar, and that none of them could recover.
Wherefore* the judgment is affirmed.